KAREN L. LOEFFLER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | COUNT 1: |
| | THE REFUSE ACT |
| vs. | Vio. of 33 U.S.C. §§ 407 and 411 |
| KIMBERLY CHRISTINA REIDEL-BYLER, and DARREN K. BYLER, | COUNTS 2-3: FALSE STATEMENTS Vio. of 18 U.S.C. § 1001 |
| Defendants. | |

I N D I C T M E N T

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times material to this Indictment:

///

## Regulatory Background

1.      The Rivers and Harbors Act of 1899, in a provision known as the Refuse Act (hereinafter "Act"), made it illegal to discharge refuse matter of any kind into the navigable waters of the United States without a permit. Under the Act, the Secretary of the Army may prescribe regulations governing the transportation and dumping of refuse into the navigable waters. 33 U.S.C. § 407.

2.      Under federal regulations implementing the Act, the navigable waters of the United States over which jurisdiction extended included all ocean and coastal waters within a zone three nautical miles seaward from the baseline. The baseline was defined as the line on the shore reached by the ordinary low tides. 33 C.F.R. § 329.12(a).

3.      Under federal law and regulation, the proper disposal of refuse from a vessel Alaskan required a permit to discharge into the navigable waters, transportation of the vessel or wastewater from the vessel and discharge beyond three nautical miles, or disposal of wastewater at an approved facility on the shore.

## The Defendants

4.      Defendant Kimberly Christina Reidel-Byler was the owner of Kim Marine Documentation, Inc. (hereinafter "Kim Marine"). Kim Marine

was the agent for the Motor Vessel (M/V) Wild Alaskan. Defendant Kimberly Christina Reidel-Byler also owned Alaskan Adventure Tours, Inc. (hereinafter "Alaskan Adventures"). Alaskan Adventure was the co-owner/operator of the M/V Wild Alaskan. Defendant Kimberly Christina Reidel-Byler was a licensed 200-ton marine captain.

5. Defendant Darren K. Byler was owner of Oil Spill Response Vessels, LLC. Oil Spill Response Vessel, LLC was the managing co-owner of the M/V Wild Alaskan. Oil Spill Response Vessel was the sole owner of the M/V Gulf Coast Responder.

## The Wild Alaskan Bar and Strip Club

6. Between on or about June 25, 2014, and on or about November 30, 2014, the Wild Alaskan was a floating bar and strip club located on the M/V Wild Alaskan, anchored at the confluence of St. Herman and St. Paul Harbors, Kodiak, Alaska. The M/V Wild Alaskan was a 94-foot converted Bering Sea crabbing vessel. Employees and customers of the Wild Alaskan were ferried to and from the establishment by the M/V Gulf Coast Responder, 35-foot landing-craft style vessel with four outboard engines.

7. Neither the M/V Wild Alaskan, the M/V Gulf Coast Responder, nor any other legal entity associated with Defendants Kimberly Christina

Reidel-Byler and Darren K. Byler had a permit to dump refuse into the navigable waters of the United States.

8. Two toilets on the M/V Wild Alaskan used by customers and employees of the strip club and bar were plumbed to discharge raw sewage directly overboard into waters in and around St. Herman and St. Paul Harbors, Kodiak, Alaska.

COUNT 1:

9. The allegations in Paragraphs 1 through 8 are incorporated by reference as if fully set forth herein.

10. Between on or about July 15, 2014, and on or about December 9, 2014, in the District of Alaska, the defendants, KIMBERLY CHRISTINA REIDEL-BYLER, and DARREN K. BYLER, unlawfully discharged and deposited, and did cause to be discharged and deposited, refuse matter into and upon a navigable waterway of the United States within three nautical miles of shore, to wit, raw sewage from the M/V Wild Alaskan, into waters in and around St. Herman and St. Paul Harbors, Kodiak, Alaska, without a permit.

All of which is in violation of Title 33, United States Code, Sections 407 and 411.

///

## COUNT 2:

11. The allegations in Paragraphs 1 through 8 are incorporated by reference as if fully set forth herein.

12. On or about July 15, 2014, within the District of Alaska, the defendant, KIMBERLY CHRISTINA REIDEL-BYLER, in a matter within the jurisdiction of the executive branch of the Government of the United States, did, knowingly and willfully, make materially false, fictitious, and fraudulent statements and representations, to wit, that the M/V Wild Alaskan was equipped with a 5,000 gallon storage tank for raw sewage, and that raw sewage from the vessel was disposed of by a third-party waste disposal firm, when in truth and in fact, the M/V/ Wild Alaskan was equipped with a only 350-gallon, certified type 3 marine sanitation tank; and wastewater was not being disposed of by a third-party waste disposal firm, but rather, was flowing directly overboard from the M/V Wild Alaskan into the water in and around St. Herman and St. Paul Harbors, Kodiak, Alaska

All of which is in violation of Title 18, United States Code, Section 1001.

///

///

## COUNT 3:

13.     The allegations in Paragraphs 1 through 8 are incorporated by reference as if fully set forth herein.

14.     On or about October 30, 2014, within the District of Alaska, the defendant, DARREN K. BYLER, in a matter within the jurisdiction of the executive branch of the Government of the United States, did, knowingly and willfully, make materially false, fictitious, and fraudulent statements and representations; and make and use a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, that 1,500 gallons of raw sewage had been disposed of at St. Paul Harbor, Pier 2, Kodiak, Alaska, on or about July 29, 2014, and July 30, 2014, and that he had made multiple trips in the Motor Vessel (M/V) Gulf Coast Responder to a location more than three nautical miles from shore to dispose of raw sewage, when in truth and in fact, 1,500 gallons of raw sewage had not been disposed of at St. Herman Harbor, Pier 2, Kodiak, Alaska, on or about July 29, 2014, and July 30, 2014; and he had not made multiple trips in the M/V Gulf Coast Responder to a location more than three nautical miles from shore to dispose of raw sewage.

///

///

All of which is in violation of Title 18, United States Code, Section 1001.

A TRUE BILL.

 s/ Grand Jury Foreperson  
GRAND JURY FOREPERSON

 s/ Kyle Reardon  
KYLE REARDON  
Assistant U.S. Attorney  
United States of America

 s/ Karen L. Loeffler  
KAREN L. LOEFFLER  
United States Attorney  
United States of America

DATE:  2/18/15